FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

SEASIDE INLAND TRANSPORT, a California corporation,

    Plaintiff,

v.

COASTAL CARRIERS LLC, a Missouri limited liability company,

    Defendants.

COASTAL CARRIERS LLC, a Missouri limited liability company,

    Third-Party Plaintiff,

v.

PAUL MASSINGILL, a Washington individual, and SERVICE DRIVEN TRANSPORT, INC., a Washington corporation,

    Third-Party Defendants.

PAUL MASSINGILL, a Washington individual,

    Third-Party Plaintiff,

v.

COASTAL CARRIERS LLC, a Missouri limited liability company, and JOHN DUNARD AND NICOLE DUNARD,

    Third-Party Defendants.

No.  2:17-CV-00143-SMJ

**ORDER ALLOWING THIRD-PARTY PLAINTIFF TO WITHDRAW/AMEND RESPONSES TO REQUESTS FOR ADMISSIONS**

ORDER - 1

Before the Court, without oral argument, is Third-Party Plaintiff Coastal-Carriers, LLC's (Coastal) Motion to Withdraw Admission of Requests under FRCP 36(b), ECF No. 52, and related motion to expedite, ECF No. 53. Coastal requests that the Court allow it to withdraw its failure to timely deny requests for admission and allow for the denials, which were served late. The Court finds that permitting Coastal to withdraw its deemed admissions will not prejudice Seaside and will enable Coastal to present its claims on the merits. Accordingly, the Court finds good cause to permit Coastal to answer Seaside's requests for admissions.

**BACKGROUND**

This case arises out of a 2002 agreement between Seaside and Coastal. Under the agreement, Seaside would procure shipping contracts for Coastal's benefit in exchange for a commission on the contracts. The relationship went sour, and Coastal terminated the agreement in March of 2017. Seaside sued Coastal for breach of contract, alleging Coastal owes it unpaid commissions and damages resulting from the alleged breach of contract. Coastal countersued, seeking damages for, among other things, $740,000 in unpaid freight bills for which Coastal alleges Seaside is liable under their 2002 agreement.

This case is currently in discovery. *See* ECF No. 27. On September 11, 2017, Seaside served Coastal with discovery requests including requests for admission. ECF No. 54 at 1. Counsel for Coastal, Benjamin Stone, miscalculated

the deadline to respond to the discovery and failed to timely respond. *Id.* at 2. Seaside's Counsel, Brian Walker, contacted Mr. Stone on October 16, 2017, regarding the delinquent discovery. ECF No. 54-2. Mr. Stone requested an extension, and Mr. Walker agreed. *Id.* Mr. Walker closed the email by stating: "Please get me the answers to interrogatories and production requests by 10/23." *Id.*

On October 25, 2017, Mr. Stone emailed Mr. Walker to ask for an additional one-week extension. ECF No. 54-3. Mr. Walker replied, "One more week is fine. Please get the answers to the interrogatories and production requests and the answers to the counterclaims and crossclaims to me by 11/2." *Id.* Mr. Stone emailed Mr. Walker's office the discovery responses, including the requests for admission, on November 2, 2017. ECF No. 54-4.

On November 22, 2017, Seaside filed a motion for summary judgment. ECF No. 38. Seaside stated as an undisputed fact that it acted properly under the contract with respect to the uncollectible freight bills. ECF No. 41 at 5. In support of this statement, it cited Mr. Walker's declaration in which he attests "On September 11, 2017, my office for Massingill sent to Coastal's attorney, Benjamin Stone, Requests for Admission . . . Coastal did not answer Massingill's Requests for Admission within thirty (30) days, as required by FRCP 36(a)(3)." ECF No. 39

at 3. Mr. Walker attached a copy of the requests for admission, but did not include copies of his correspondence with Mr. Stone.

On December 12, 2017, Mr. Stone called Mr. Walker to discuss the apparent confusion. ECF No. 54 at 3. Mr. Walker refused to accept Mr. Stone's denials to the requests for admissions, maintaining they were deemed admitted due to Coastal's untimely response. *Id.*

## LEGAL STANDARD

Federal Rule of Civil Procedure 36(b) provides that a matter admitted is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The Court may permit withdrawal or amendment if (1) "it would promote the presentation of the merits of the action," and (2) "the court is not persuaded that it would prejudice the [nonmoving] party in maintaining or defending on the merits." Fed. R. Civ. P. 36(b).

## DISCUSSION

**A. The Court finds good cause to permit Coastal to withdraw its admissions.**

Permitting Coastal to respond to Seaside's requests for admissions will promote presentation of the merits of the action. Coastal's claims against Seaside are largely based on Seaside's potential contractual liability for uncollectable freight bills. Under the contract, Seaside is liable for the uncollectable freight only if its error or omission led to the uncollectable freight or if it failed to secure a

ORDER - 4

credit release. Seaside contends it did not commit any act or omission triggering liability for the uncollectable freight. In its request for admissions, Seaside sought admissions from Coastal that Seaside acted properly with respect to the uncollectable freight. Thus, if Seaside were permitted to rely on Coastal's deemed admissions going forward, it would effectively preclude the Court from deciding Coastal's contract claims on the merits. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007) ("The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.").

The Court also finds that permitting Coastal to respond to the requests for admissions will not prejudice Seaside or its claims. The prejudice inquiry focuses on the "prejudice a nonmoving party would suffer at trial." *Id.* at 623. "Reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." *Id.* at 624. Seaside has been in possession of Coastal's responses to its requests for admissions since November 2, 2017. Accordingly, permitting Coastal to respond to the requests for admissions poses no risk of unfair surprise. Moreover, discovery in this case does not close until March 2, 2018, and the deadline for filing dispositive motions is not until May 1, 2018. Accordingly, Seaside can still pursue additional discovery, file additional dispositive motions, and develop its theory for trial.

ORDER - 5

Finally, the Court notes that—as presented to the Court—Mr. Walker's tactics in securing Coastal's deemed denials do not appear consistent with the notions of professionalism and fair play embedded in the Federal Rules of Civil Procedure. Going forward, the Court expects all parties to abide by both the letter and the spirit of the Federal Rules and cautions counsel to refrain from engaging in further gamesmanship as this matter proceeds.

**B.      The Court strikes Seaside's motion for summary judgment.**

Seaside has filed a motion for summary judgment, ECF No. 38. The motion relies substantially on Coastal's deemed admissions. Because the Court's decision on the instant motion could materially change the analysis of the parties' summary judgment arguments, the Court strikes the summary judgment motion. The parties may refile their motions for summary judgment at any time before the May 1, 2018 dispositive motion deadline.

Accordingly, **IT IS HEREBY ORDERED**:

**1.** Third-Party Plaintiff's Third-Party Plaintiff's Motion to Withdraw Admission of Requests under FRCP 36(b), **ECF No. 52**, and related motion to expedite, **ECF No. 53**, are granted.

**2.** The Court **SRIKES** the Motion for Summary Judgment, **ECF No. 38**, and the hearing set for **January 11, 2018.** The parties may refile

dispositive motions at any time before the May 1, 2018 dispositive motion deadline.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 22nd day of December 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 7