UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SEASIDE INLAND TRANSPORT,<br><br>    Plaintiff,<br><br>v.<br><br>COASTAL CARRIERS LLC; and JOHN DUNARD AND NICOLE DUNARD, husband and wife,<br><br>    Defendants. | No. 2:17-CV-00143-SMJ<br><br>**ORDER DENYING COASTAL'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Defendant Coastal Carriers LLC's ("Coastal") Motion for Reconsideration of this Court's Issuance of a Protective Order, for an Order Compelling Deposition Testimony, and Awarding Fees and Costs, ECF No. 156.[1] Upon being ordered to respond, Plaintiff Seaside Inland Transport ("Seaside") opposes the motion. ECF No. 162.

Motions for reconsideration are generally disfavored, but are appropriately granted if the Court "committed clear error or the initial decision was manifestly unjust." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Or, the Court may be "presented with newly discovered evidence" or "an intervening

---

[1] The motion is timely. *See* ECF No. 101 at 8.

ORDER DENYING COASTAL'S MOTION FOR RECONSIDERATION **-** 1

change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

On November 7, 2018, the Court held an emergency telephonic discovery dispute hearing and orally granted a protective order[2] prohibiting any further questions about romantic relationships between Paul Massingill, the principal of Seaside, and Ms. Rogers or any other agents or employees who were not managed in Seaside or Coastal's Washington and California offices. ECF No. 155. The Court further prohibited asking questions about Massingill's alleged "inappropriate conduct" during a trip to Las Vegas with employees from the Washington office. *Id.*

Coastal now moves for reconsideration, notifying the Court that the very next day, at Coastal's deposition, the designated witness for Coastal (John Harrell) was asked "the very same questions" about Massingill's sexual encounters. ECF No. 156 at 2. Coastal notes that "it is incredible that Seaside would ask these questions after convincing this Court that such questions were irrelevant and harassing." *Id.* at 5. It argues that "having obtained the protective order, Seaside then violated it by asking questions that were subject to the protective order." *Id.*

---

[2] The Court ordered Seaside, the prevailing party, to file a proposed order. ECF No. 155. Seaside finally filed the proposed protective order on November 26, 2018, after the filing of this motion. ECF No. 159.

ORDER DENYING COASTAL'S MOTION FOR RECONSIDERATION **-** 2

In response, Seaside explains that "Harrell blurted out allegations of a relationship" between Massingill and Ms. Rogers when such a response was never prompted. ECF No. 162 at 8. And because such information came up, Seaside notes, counsel "made several foundational inquiries" as to the basis of Harrell's allegations, which Coastal's counsel did not object to. *Id.* at 5.

Having reviewed the pleadings and the deposition transcript excerpt provided to the Court, ECF No. 157-3, the Court is fully informed and finds no violations of its protective order. The Court agrees with Seaside that Harrell's responses were unsolicited by Seaside's counsel, and that Seaside then attempted to establish the relevant time period and how Harrell knew such information. *Id.* And Coastal should have counseled its own witness about the confines of the Court's protective order.

Thus, the Court denies the motion for reconsideration because the development of events did not make its protective order "manifestly unjust," *see Sch. Dist. No. 1J*, 5 F.3d at 1263, and rejects Coastal's request to expose Massingill to such a line of questioning and to have Seaside pay fees and costs.

Accordingly, **IT IS HEREBY ORDERED**:

> Defendant Coastal's Motion for Reconsideration of this Court's Issuance of a Protective Order, for an Order Compelling Deposition Testimony, and Awarding Fees and Costs, **ECF No. 156**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 29th day of November 2018.

_____
SALVADOR MENDOZA, JR.
United States District Judge